# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# Greenbelt Division

| | | |
|---|---|---|
| IN RE: | ) | |
|     Trudah A. Harding | ) | Case No.:   19-15399 TJC |
| | ) | Chapter 13 |
|     Debtor. | ) | |
| | ) | |
| Trudah A. Harding | ) | |
| 13604 Canal Vista Ct. | ) | |
| Potomac, Maryland 20854 | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. # _____ |
| | ) | |
| Hard Money Bankers, LLC | ) | |
| 10015 Old Columbia Rd. | ) | |
| Suite H-125 | ) | |
| Columbia, Maryland 21046. | ) | |
|     Defendant. | ) | |

## **COMPLAINT**

**COMES NOW** the debtor Trudah A. Harding, by and through undersigned counsel, files this Complaint for actual damages, statutory damages, attorney's fees and the costs of this action against defendant Hard Money Bankers, LLC for multiple violations under the Truth in Lending Act, 15 U.S.C. § 1601 et. seq., Federal Reserve Board Regulation Z, and for violations of MD Code, Commercial Law, § 12-101, et. seq. and Title 13, Consumer Protection Act, MD Code, Commercial Law, § 13-101 et. seq.  and states as follows:

1. The Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code on April 20, 2019.

**JURISDICTION**

1

2. The Court has jurisdiction over this pursuant to 28 U.S.C. §§ 1331, 1334, 1337 and 157(b)(2)(K). This is a core proceeding.
3. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

4. Plaintiff/Debtor Trudah A. Harding is the owner of the real property described 13604 Canal Vista Ct., Potomac, Maryland 20854. (hereinafter the **"Property"**).
5. At all relevant times the plaintiff resided in the "Property" as her principle dwelling.
6. Defendant Hard Money Bankers, LLC is a limited liability company engaged in the business of lending in the State of Maryland.
7. At all times relevant hereto, the Defendant, in the ordinary course of its business, regularly extended or offered to extend credit for a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

**FACTS**

8. On or about December 8, 2017, Plaintiff entered into two (2) consumer credit transactions (hereinafter collectively "the transactions") with Defendant in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendant.
9. The plaintiff informed the defendant that the "Property" was her principal dwelling. Exhibit 1.
10. The defendant required the plaintiff to execute documents indicating the transaction was a commercial loan.
11. The plaintiff informed the defendant that she was not seeking a commercial loan,

12. Defendant told plaintiff "not to worry" that ""it is just the forms we use for all loans."
13. The defendant labeled the transaction as a "Commercial Flat Rate Note with Balloon Payment."
14. The defendant knew or should have known the loan transaction was a "consumer credit transaction."
15. On or about December 8, 2017, pursuant to the first transaction, the Plaintiff owed a debt in the amount of $415,000.00 to Defendant evidenced by the "Commercial Flat Rate Note with Balloon Payment."
16. A true and accurate copy of the credit agreement evidencing the transaction is attached hereto, Plaintiff's Exhibit 2, and by this reference is incorporated herein.
17. As part of the consumer transaction, the first Note was secured by a Deed of Trust against the plaintiff's principle dwelling identified as 13604 Canal Vista Ct., Potomac, Maryland 20854.
18. A true and accurate copy of the Deed of Trust evidencing the Defendant's security interest is attached hereto, Plaintiff's Exhibit 2, and by this reference is incorporated herein.
19. On or about December 8, 2017, pursuant to the second transaction, the Plaintiff owed a debt in the amount of $155,000.00 to Defendant evidenced by the "Commercial Flat Rate Note with Balloon Payment."
20. The plaintiff informed the defendant that the "Property" was her principal dwelling.
21. A true and accurate copy of the credit agreement evidencing the transaction is attached hereto, Plaintiff's Exhibit 3, and by this reference is incorporated herein.

22. As part of the consumer credit transaction, the Second Note was secured by a Deed of Trust against the plaintiff's principle dwelling identified as 13604 Canal Vista Ct., Potomac, Maryland 20854.
23. A true and accurate copy of the Deed of Trust evidencing the Defendant's security interest is attached hereto, Plaintiff's Exhibit 3, and by this reference is incorporated herein.

**COUNT I – VIOLATION OF THE TRUTH IN LENDING ACT**

24. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 23 of the Complaint as if fully set forth herein.
25. In the course of this consumer credit transaction, Defendant failed to deliver all "material" disclosures required by the Act and Regulation Z, including the following:
    a. By failing to properly and accurately disclose the "amount financed," using that term in violation of Regulation Z, § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A).
    b. By failing to clearly and accurately disclose the "finance charge," using that term, in violation of Regulation Z §§ 226'4 and 226.18(d) and 15 U.S.C. § 1638(a)(3).
    c. By failing to clearly and accurately disclose the "annual percentage rate," using that term, in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4).
    d. By failing to properly disclose the number, amounts, and timing of payments scheduled to repay the obligation, in violation of Regulation Z § 226.18(g) and 15 U.S.C. 1638(a)(6).
    e. By Failing to clearly and accurately disclose the "total of payments," using that term, in violation of Regulation Z § 226.18(h) and 15 U.S.C. 1638(a)(5).

**WHEREFORE**, Defendant prays this Honorable Court grant the following:

A) Award actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1);

B) Award statutory damages in the amount of twice the finance charge not to exceed $1000 in accordance with 15 U.S.C. § 1640(a)(2);

C) Award plaintiff costs and reasonable attorney's fees in accordance with 15 U.S.C.§ 1640;

D) Award such other relief as the court deems appropriate.

**COUNT II-VIOLATION OF MD CODE, COMMERCIAL LAW, § 12-101, et. seq.**

26. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. In the course of this consumer credit transaction, the defendant violated Md. Code, Commercial Law, § 12-106:

    a. By failing to properly and accurately disclose the "amount financed," using that term in violation of Md. Code, Commercial Law, § 12-106.

    b. By failing to clearly and accurately disclose the "finance charge," using that term, in violation Md. Code, Commercial Law, § 12-106.

    c. By failing to clearly and accurately disclose the "annual percentage rate," using that term, in violation of Md. Code, Commercial Law, § 12-106.

    d. By failing to properly disclose the number, amounts, and timing of payments scheduled to repay the obligation, in violation of Md. Code, Commercial Law, § 12-106.

  e. By Failing to clearly and accurately disclose the "total of payments," using that term, in violation of Md. Code, Commercial Law, § 12-106.

28. In the course of this consumer credit transaction, the defendant violated Md. Code, Commercial Law, § 12-106.1:

  a. By requiring plaintiff, as a condition to receiving a loan, to make any false or misleading statement or characterization that a loan is a commercial loan.

  b. By willfully requires a borrower to make a false or misleading statement in violation of subsection (a) of this section, or who

  c. willfully procures such statement, knowing that it is false or misleading, shall forfeit to the borrower three times the amount of interest and charges contracted for or collected in excess of that permitted by law, in addition to any other penalty otherwise provided in this title

**WHEREFORE**, Defendant prays this Honorable Court grant the following:

  A.) Order Defendant to forfeit three (3) times the amount of interest;

  B.) Order Defendant to forfeit three (3) times the amount Charges collected;

  C.) Statutory fees;

  D.) Reasonable Attorney's Fees;

  E.) For any other relief deemed necessary and proper

**COUNT III-VIOLATION OF CONSUMER PROTECTION ACT, MD CODE, COMMERCIAL LAW, § 13-101, et. seq.**

29. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 28 of the Complaint as if fully set forth herein.
30. At all times relevant, plaintiff is a consumer as defined by Md. Code, Commercial Law, § 13-301(c)(1).
31. At all times relevant, defendant is a merchant as defined by Md. Code, Commercial Law, § 13-301(g)(1).
32. At all relevant times, the transaction is a consumer credit transaction as defined by Md. Code, Commercial Law, § 13-301(d)(1).
33. In the course of this consumer credit transaction, the defendant violated Md. Code, Commercial Law, § 13-303:
    a. By engaging in an unfair and deceptive trade practice in violation of Md. Code, Commercial Law, § 13-301, by misrepresenting terms of the mortgage loan.
    b. By engaging in an unfair and deceptive trade practice in violation of Md. Code, Commercial Law, § 13-301, by failing to disclose the costs of the mortgage loan.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully prays that this Court:

1. Award actual damages to be established at trial;
2. Award statutory damages;
3. Award plaintiff costs and reasonable attorney's fees;
4. Award such other relief as the court deems appropriate.

September 24, 2019

*/s/ William C. Johnson, Jr.*

7

                                                The Johnson Group, LLC
William C. Johnson, Jr., Esq.
Fed. Bar No. 15651
6305 Ivy Lane
Suite 630
Greenbelt, Maryland
(202) 525-2958