IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TRUDAH A. HARDING** | ) | Case No. 19-15399 TJC |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **TRUDAH A. HARDING** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Case No. 19-00350 TJC |
| | ) | |
| **HARD MONEY BANKERS, LLC** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant, Hard Money Bankers, LLC ("Defendant"), by and through its undersigned counsel, hereby files its Answer to Complaint (the "Complaint") and Counterclaim, and states as follows:

Responding to the numbered paragraphs of the Complaint:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied. Plaintiff has maintained this allegation despite admitting to its falsity both prior to and subsequent to this case being filed.

6. Defendant admits that is a limited liability company in the business of making commercial loans in the State of Maryland.

7. The allegations contained in paragraph 7 of the Complaint are denied as they are too vague. Therefore, Defendant lacks information sufficient to form a belief as to the truth of the matters asserted.

8. Denied.

9. Denied. Plaintiff has maintained this allegation despite admitting to its falsity both prior to and subsequent to this case being filed.

10. Defendant admits that Plaintiff executed documents certifying she was obtaining loans from the Defendant for commercial purposes. The remainder of the allegations contained in paragraph 10 are denied.

11. Denied.

12. Denied.

13. The allegations contained in paragraph 13 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

14. Denied.

15. Defendant admits that Plaintiff executed a Commercial Flat Rate Note with Balloon Payment dated December 8, 2017 evidencing a principal debt amount of $415,000.00 (the "First Note"). Defendant submits that the First Note speaks for itself and the remaining allegations of paragraph 15 are denied.

16. The allegations contained in paragraph 16 of the Complaint are denied as it appears numerous documents are attached to the Complaint as Exhibit 2, not just a single instrument as alleged by the Plaintiff.

17. Defendant admits that its First Note was secured by a Deed of Trust, Assignment of Rents and Security Agreement (the "First Deed of Trust") against the property located at 13604 Canal Vista Court, Potomac, MD 20854 (the "Property"). The remaining allegations in paragraph 17 are denied.

18. The allegations contained in paragraph 18 of the Complaint are denied as it appears numerous documents are attached to the Complaint as Exhibit 2, not just a single instrument as alleged by the Plaintiff.

19. Defendant admits that Plaintiff executed a Commercial Flat Rate Note with Balloon Payment dated December 8, 2017 evidencing a principal debt amount of $155,000.00 (the "Second Note"). Defendant submits that the Second Note speaks for itself and the remaining allegations of paragraph 19 are denied.

20. Denied. Plaintiff has maintained this allegation despite admitting to its falsity both prior to and subsequent to this case being filed.

21. The allegations contained in paragraph 21 of the Complaint are denied as it appears numerous documents are attached to the Complaint as Exhibit 3, not just a single instrument as alleged by the Plaintiff.

22. Defendant admits that its Second Note was secured by a Second Deed of Trust, Assignment of Rents and Security Agreement (the "Second Deed of Trust") against the Property. The remaining allegations in paragraph 22 are denied.

23. The allegations contained in paragraph 23 of the Complaint are denied as it appears numerous documents are attached to the Complaint as Exhibit 3, not just a single instrument as alleged by the Plaintiff.

24. Defendant incorporates its responses to paragraphs 1-23 of the Complaint.

25. Paragraph 25 calls for a legal conclusion and is therefore denied.

26. Defendant incorporates its responses to paragraphs 1-25 of the Complaint.

27. Paragraph 27 calls for a legal conclusion and is therefore denied.

28. Paragraph 28 calls for a legal conclusion and is therefore denied.

29. Defendant incorporates its responses to paragraphs 1-28 of the Complaint.

30. Paragraph 30 calls for a legal conclusion and is therefore denied.

31. Paragraph 31 calls for a legal conclusion and is therefore denied.

32. Paragraph 32 calls for a legal conclusion and is therefore denied.

33. Paragraph 33 calls for a legal conclusion and is therefore denied.

34. Any facts not admitted are denied.

## First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

The claims set forth in the Complaint are barred by the doctrine of waiver.

## Third Affirmative Defense

The claims set forth in the Complaint are barred by the doctrine of estoppel.

## Fourth Affirmative Defense

The claims set forth in the Complaint are barred by the doctrine of unclean hands.

## Fifth Affirmative Defense

The claims set forth in the Complaint are barred by the doctrine of laches.

**WHEREFORE**, Defendant prays that Plaintiff's Complaint be dismissed, or in the alternative, that judgment be entered in favor of the Defendant, and that Defendant have such

other and further relief as this Honorable Court may deem just and proper under the circumstances.

## COUNTERCLAIMS

Hard Money Bankers, LLC (the "Counter-Plaintiff"), by and through its undersigned counsel, hereby files these Counterclaims against Trudah A. Harding, the Debtor herein (the "Counter-Defendant"), and in support thereof, respectfully states as follows:

1. The Counter-Plaintiff is a Maryland limited liability company.

2. The Counter-Defendant is the owner of that certain property located at 13604 Canal Vista Court, Potomac, MD 20854 (the "Property").

3. On or about December 8, 2017, the Counter-Defendant obtained two loans from the Counter-Plaintiff.

4. The first loan (the "First Loan") is evidenced by a Commercial Flat Rate Note with Balloon Payment executed by the Counter-Defendant evidencing a principal debt amount of $415,000.00 (the "First Note"). A true and correct copy of the First Note is attached hereto as **Exhibit A**.

5. The First Note is secured against the Property by a Deed of Trust, Assignment of Rents and Security Agreement (the "First Deed of Trust") executed by the Counter-Defendant. A true and correct copy of the First Deed of Trust is attached hereto as **Exhibit B**.

6. The First Loan is also evidenced by a Loan Agreement (the "First Loan Agreement") executed by the Counter-Defendant. A true and correct copy of the First Loan Agreement is attached hereto as **Exhibit C**.

7. The second loan (the "Second Loan", the First Loan and the Second Loan are collectively referred to herein as the "Loans") is evidenced by a Commercial Flat Rate Note with

Balloon Payment executed by the Counter-Defendant evidencing a principal debt amount of $155,000.00 (the "Second Note"). A true and correct copy of the Second Note is attached hereto as **Exhibit D**.

8. The Second Note is secured against the Property by a Second Deed of Trust, Assignment of Rents and Security Agreement (the "Second Deed of Trust") executed by the Counter-Defendant. A true and correct copy of the Second Deed of Trust is attached hereto as **Exhibit E**.

9. The Second Loan is also evidenced by a Loan Agreement (the "Second Loan Agreement") executed by the Counter-Defendant. A true and correct copy of the Second Loan Agreement is attached hereto as **Exhibit F**.

10. The Second Loan is further evidenced by a Commercial Loan Disclosure (the "CLD", the First Note, Second Note, First Deed of Trust, Second Deed of Trust, First Loan Agreement, Second Loan Agreement, and CLD are collectively referred to as the "Loan Documents") executed by the Counter-Defendant. A true and correct copy of the CLD is attached hereto as **Exhibit G**.

11. Prior to closing on the Loans, Counter-Defendant provided Counter-Plaintiff with a copy of her driver's license showing the property located at 619 Allison Street, Washington, DC 20011 (the "DC Property") as her residence. A true and correct copy of the Counter-Defendant's driver's license provided to the Counter-Plaintiff is attached hereto as **Exhibit H**.

12. At the time Counter-Defendant obtained the Loans, the Counter-Defendant was considered an absentee non-resident of the Property.

13. Counter-Defendant's absentee, non-resident status, was reflected in the tax records for the Property. A true and correct copy of a tax report for the Property showing Counter-Defendant as an absentee from the Property is attached hereto as **Exhibit I**.

14. At and prior to the times Counter-Defendant requested and obtained the Loans, Counter-Defendant maintained her residence at the DC Property.

15. The tax records for the DC Property show that Counter-Defendant was obtaining the Senior Citizen Homestead Deduction for the DC Property, further evidencing that the DC Property was the Counter-Defendant's residence at all times relevant to this case. A true and correct copy of the tax assessment for the DC Property is attached hereto as **Exhibit J**.

16. On or prior to July 13, 2017, Counter-Defendant executed and submitted a FP-100 Homestead Deduction and Senior Citizen/Disabled Property Tax Relief Application (the "Tax Application") to the Washington, D.C. Office of Tax and Revenue in which Counter-Defendant certified under the penalty of perjury that she moved into the DC Property on July 20, 2011, and that the DC Property was her residence. A true and correct copy of the Tax Application is attached hereto as **Exhibit K**.

17. The First Deed of Trust constitutes a first priority lien against the Property.

18. The Second Deed of Trust constitutes a second priority lien against the Property.

19. Counter-Defendant has not repaid the sums evidenced by the Loan Documents and the sums evidenced by the Loan Documents are due and owing.

20. Counter-Defendant represented on numerous occasions to the Counter-Plaintiff that she was obtaining the Loans for business and/or commercial purposes.

21. Counter-Defendant represented to the Counter-Plaintiff and agreed that the Property would solely be used as investment property.

22. Counter-Defendant represented to the Counter-Plaintiff and agreed that neither she, her agents, nor her family members would reside in the Property.

## **COUNT I – FRAUDULENT MISREPRESENTATION**

23. Counter-Plaintiff hereby incorporates the allegations set forth in paragraphs 1-22 of the Counterclaim as if fully set forth herein.

24. Counter-Defendant knowingly misrepresented to the Counter-Plaintiff that the Property was not Counter-Defendant's residence at the time she executed the Loan Documents for the purpose of defrauding the Counter-Plaintiff of the proceeds of the Loans.

25. Counter-Defendant knowingly made the false representation to the Counter-Plaintiff at the time of or prior to accepting the proceeds of the Loans that neither Counter-Defendant, her agents, nor her family did or would live in the Property.

26. Counter-Defendant knowingly misrepresented to the Counter-Plaintiff that she would use the Loans for business and/or commercial purposes for the purpose of defrauding the Counter-Plaintiff of the proceeds of the Loans.

27. Counter-Plaintiff had a right to rely upon the Counter-Defendant's misrepresentations in making the Loans to the Counter-Defendant.

28. Counter-Plaintiff did in fact rely upon the Counter-Defendant's misrepresentations in making the Loans to the Counter-Defendant.

29. Counter-Plaintiff would not have made the Loans to the Counter-Defendant had Counter-Defendant not made misrepresentations about the Counter-Defendant's residence and the business and/or commercial purpose of the Loans.

30. Counter-Plaintiff has actually suffered damages as a direct result of Counter-Defendant's misrepresentations about the Counter-Defendant's residence and the business and/or commercial purpose of the Loans.

31. Counter-Plaintiff is entitled to actual and punitive damages, in addition to attorney's fees and costs as a result of Counter-Defendant's fraudulent misrepresentations.

**WHEREFORE**, Counter-Plaintiff prays that this Court enter an Order granting it a judgment against the Counter-Defendant for fraudulent misrepresentation, awarding Counter-Plaintiff its actual damages, punitive damages, attorney's fees and costs and granting such other and further relief as this Honorable Court may deem just and proper under the circumstances.

## COUNT II – FRAUDULENT INDUCEMENT

32. Counter-Plaintiff hereby incorporates the allegations set forth in paragraphs 1-30 of the Counterclaim as if fully set forth herein.

33. Counter-Defendant knowingly made the false representation to the Counter-Plaintiff at the time of or prior to accepting the proceeds of the Loans that Counter-Defendant did not live in the Property.

34. Counter-Defendant knowingly made the false representation to the Counter-Plaintiff at the time of or prior to accepting the proceeds of the Loans that neither Counter-Defendant, her agents, nor her family did or would live in the Property.

35. Counter-Defendant knowingly made the false representation to the Counter-Plaintiff at the time of or prior to accepting the proceeds of the Loans that Counter-Defendant would use the proceeds of the Loans for business and/or commercial purposes.

36. Counter-Defendant knowingly misrepresented the location of her residence, that neither Counter-Defendant, her agents, nor her family did or would live in the Property, and that

9

Counter-Defendant would use the proceeds of the Loans for business and/or commercial purposes for the purpose of defrauding the Counter-Plaintiff.

37. Counter-Plaintiff had the right to rely upon and did rely upon Counter-Defendant's misrepresentations about the location of Counter-Defendant's residence, that neither Counter-Defendant, her agents, nor her family did or would live in the Property, and that Counter-Defendant would use the proceeds of the Loans for business and/or commercial purposes in making the Loans to the Counter-Defendant.

38. Counter-Plaintiff suffered a compensable injury as a result of Counter-Defendant's misrepresentations about the location of Counter-Defendant's residence, that neither Counter-Defendant, her agents, nor her family did or would live in the Property, and that Counter-Defendant would use the proceeds of the Loans for business and/or commercial purposes.

39. Counter-Plaintiff is entitled to actual and punitive damages, in addition to attorney's fees and costs as a result of Counter-Defendant's fraudulent inducement of Counter-Plaintiff to make the Loans to Counter-Defendant.

**WHEREFORE**, Counter-Plaintiff prays that this Court enter an Order granting it a judgment against the Counter-Defendant for fraudulent inducement, awarding Counter-Plaintiff is actual damages, punitive damages, attorney's fees and costs and granting such other and further relief as this Honorable Court may deem just and proper under the circumstances.

### COUNT III – UNJUST ENRICHMENT

40. Counter-Plaintiff hereby incorporates the allegations set forth in paragraphs 1-39 of the Counterclaim as if fully set forth herein.

41. Counter-Plaintiff conferred a benefit upon the Counter-Defendant when it made the Loans to the Counter-Defendant and Counter-Defendant received the proceeds of the Loans.

42. Counter-Defendant accepted and retained the benefit of the proceeds of the Loans with the knowledge and appreciation of the benefit conferred upon the Counter-Defendant by the Counter-Plaintiff.

43. It would be inequitable to allow the Counter-Defendant to retain the benefit of the Loans without requiring the Counter-Defendant to pay to the Counter-Plaintiff the value of the Loans.

**WHEREFORE**, Counter-Plaintiff prays that this Court enter an Order granting it a judgment against the Counter-Defendant for unjust enrichment, awarding Counter-Plaintiff its damages associated with the judgment, including the amount of the Loans, interest, fees and other penalties under the terms of the Loans, attorney's fees and costs and granting such other and further relief as this Honorable Court may deem just and proper under the circumstances.

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.**

By: /s/ Benjamin P. Smith
Benjamin P. Smith, Esquire
Bar No. 17680
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:   (301) 230-5241
FAX:   (301) 230-2891
Email: bsmith@shulmanrogers.com
*Attorneys Counter-Plaintiff*

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that copies of the foregoing **Answer and Counterclaim** were served via court's electronic filing system this 25th day of October, 2019, to:

>William C. Johnson, Jr., Esq.
>1310 L Street, N.W.
>Washington, D.C.  20005
>*Counsel for Plaintiff*

                                                  /s/ Benjamin P. Smith
                                                  Benjamin P. Smith

F: 121944.00125
43178393_1