Entered: November 19th, 2021
Signed: November 18th, 2021
**SO ORDERED**



**THOMAS J. CATLIOTA**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## (GREENBELT)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TRUDAH A. HARDING** | ) | **Case No. 19-15399 TJC** |
| | ) | **(Chapter 13)** |
| Debtor. | ) | |
| | ) | |
| **TRUDAH A. HARDING** | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counter-Defendant, | ) | |
| | ) | |
| v. | ) | **Adversary Case No. 19-00350 TJC** |
| | ) | |
| **HARD MONEY BANKERS, LLC** | ) | |
| | ) | |
| Defendant/ | ) | |
| Counter-Plaintiff. | ) | |
| | ) | |

**CONSENT ORDER GRANTING CONSENT MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF CONTROVERSY BETWEEN THE DEBTOR AND HARD MONEY BANKERS, LLC –**
**RELIEF INCLUDES EQUITABLE SERVITUDE**

UPON CONSIDERATION of the Consent Motion for Approval of Settlement and Compromise of Controversy ("Motion") filed by the Plaintiff, Trudah A. Harding ("Plaintiff" or "Debtor") and Hard Money Bankers, LLC ("HMB" or "Creditor"), and the Court finding good

cause to grant the Motion, and

**FINDING** that Creditor is a secured creditor of the Debtor whose first of two claims is based upon a certain Commercial Flat Rate Note with Balloon Payment (the "First Note") executed by the Debtor.  Repayment of said First Note is secured by that certain Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017 and recorded in Book 55536, at Page 70 among the land records of Montgomery County, Maryland (the "First Deed of Trust") against the property located at 13604 Canal Vista Court, Potomac, MD 20854 (the "Property"); and

**FINDING** that Creditor's second claim is based upon a certain Commercial Flat Rate Note with Balloon Payment (the "Second Note") executed by the Debtor.  Repayment of said Second Note is secured by that certain Second Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017 and recorded in Book 55536, at Page 94 among the land records of Montgomery County, Maryland (the "Second Deed of Trust") against the Property; and

**FINDING** that Creditor filed a proof of claim evidencing the First Note and First Deed of Trust ("Claim No. 3"); and

**FINDING** that Creditor filed a proof of claim related to the Second Note and Second Deed of Trust ("Claim No. 4"); it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion is hereby GRANTED, and it is further

**ORDERED**, that the proposed settlement described in the Motion be and is hereby APPROVED; and it further

**ORDERED**, that Debtor shall pay the total sum of $899,000.00 (which equals the discounted payoff of the loan evidenced by Proof of Claim 3 in the amount of $679,020.56, plus the discounted payoff of the loan evidenced by Proof of Claim 4 in the amount of $219,979.44) to satisfy the indebtedness evidenced by Claim No. 3 and Claim No. 4 on or before March 31, 2022.

Debtor is permitted pay off the indebtedness evidenced by Claim No. 3 and Claim No. 4 in advance of March 31, 2022, and, if Debtor pays the total indebtedness evidenced by Claim No. 3 and Claim No. 4 before March 31, 2022, the total indebtedness evidenced by Claim No. 3 and Claim No. 4 shall be reduced by the per diem rate of $158.32 (which equals the discounted per diem rate of $115.27 for the loan evidenced by Proof of Claim 3, plus the discounted per diem rate of $43.05 for the loan evidenced by Proof of Claim 4). For example, if Debtor pays off the indebtedness evidenced by Claim No. 3 and Claim No. 4 on March 20, 2022, the payoff balance of Claim No. 3 and Claim No. 4 shall be reduced by $1,741.52 (11 days x $158.32 reduced from $899,000.00) in consideration of Debtor's early pay off of the indebtedness evidenced by Claim No. 3 and Claim No. 4; and it is further

**ORDERED**, that Debtor shall pay the indebtedness evidenced by Claim No. 3 and Claim No. 4 at the same time. Debtor shall not be permitted to pay off only the indebtedness evidenced by Claim No. 3 or Claim No. 4 at different times; and it is further

**ORDERED**, that Debtor shall be in default under this Order and under the terms of the loans evidenced by Claim No. 3 and Claim No. 4 if Debtor does not pay off the indebtedness evidenced by Claim No. 3 and Claim No. 4 as required under this Order by March 31, 2022; and it is further

**ORDERED**, that in the event Debtor defaults due to the failure of the Debtor to pay the indebtedness evidenced by Claim No. 3 and Claim No. 4 as required under this Order:

* Creditor shall be entitled to the full balance due under the terms of its loans evidenced by Claim No. 3 and Claim No. 4 and the balanced owed under the loans evidenced by Claim No. 3 and Claim No. 4 shall not be reduced;

* Creditor shall be granted immediate relief from the automatic stay of 11

     U.S.C. § 362(a), which shall not be re-imposed for any reason, and any additional stay under Fed. R. Bankr. P. 4001 shall be deemed to be waived; and

\*  An equitable servitude shall be imposed with respect to the Property for a period of two years from the date relief from the automatic stay of 11 U.S.C. § 362(a) is granted pursuant to this Order; and

\*  if relief from the automatic stay of 11 U.S.C. § 362(a) and the imposition of an equitable servitude occurs under the terms of this Order, this relief shall also extend to any foreclosure purchaser of the Property to obtain possession of the Property; and it is further

**ORDERED**, that in the event Debtor's bankruptcy case identified by Case No. 19-15399-TJC is dismissed for any reason, Debtor shall be prohibited from refiling bankruptcy for a period of 180 days from the date of dismissal; and it is further

**ORDERED**, that the relief granted under this Order shall survive the dismissal of this adversary case and shall survive the dismissal or conversion of Debtor's bankruptcy case to a case under any other chapter of the United States Bankruptcy Code; and it is further

**ORDERED**, that upon the entry of this Order, Debtor and Creditor shall be deemed to have released, *with prejudice*, all claims raised by Debtor or Creditor and any and all claims that could have been raised in relationship to the claims raised by Debtor or Creditor in this adversary case and/or with respect to Claim No. 3 and Claim No. 4, and the Debtor and Creditor are hereby prohibited from raising any claims intended to be released by this Order in this Court or any other court; and it is further

**ORDERED** that the release of claims confirmed by this Order shall not otherwise impact

the validity or enforceability of the loan documents associated with the loans evidenced by Claim No. 3 and Claim No. 4; and it is further

**ORDERED**, that Debtor and Creditor shall each be solely responsible for the payment of their own attorney's fees and costs incurred in this adversary case and in Debtor's bankruptcy case referenced herein and neither party shall seek recovery of these attorney's fees and costs from the other party; and it is further

**ORDERED** that Debtor shall not file any plan in her bankruptcy case referenced herein that treats the Creditor's Claim No. 3 or Claim No. 4 differently than the treatment provided under this Order.  In the event a plan is confirmed with treatment of Creditor's Claim No. 3 or Claim No. 4 that is inconsistent with the terms of this Order, the terms of this Order shall control the treatment of Creditor's Claim No. 3 and Claim No. 4; and it is further

**ORDERED**, that the terms of this Order and the relief granted under this Order shall be binding upon and insure to the benefit of the Debtor and Creditor, their agents, successors and assigns.

**AGREED AS TO FORM AND SUBSTANCE:**

/s/Benjamin P. Smith
Benjamin P Smith, Esq. (Bar No. 17680)
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
*Counsel for Hard Money Bankers, LLC*

/s/William C. Johnson, Jr.
William C. Johnson, Jr. (Bar No. 15651)
The Johnson Group, LLC
6305 Ivy Lane, Suite 630
Greenbelt, MD  20770
*Counsel for Trudah A. Harding*

## **LOCAL RULE 9011-2(b) CERTIFICATION**

  I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the court are identical to those set forth In the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of the consenting parties obtained on the original consent order.

                 /s/Benjamin P. Smith
                 Benjamin P. Smith

**Copies to:**

Benjamin P Smith, Esq.
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854

William C. Johnson, Jr., Esq.
6305 Ivy Lane, Suite 630
Greenbelt, MD  20770

              **END OF ORDER**